UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. IMES, | Case No. 2:23-CV-518 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FOX ROTHSCHILD LLP and the UNITED STATES OF AMERICA, | |
| Defendant. | |

Presently before the court are cross motions for summary judgment between Fox Rothschild, LLP and the United States of America. (ECF Nos. 37, 39). Both motions are fully briefed. (ECF Nos. 43, 44, 45, 46). For the reasons stated below, the court GRANTS Fox's motion and DENIES the government's motion as moot.

**I.    Background**

This is a lien priority dispute with complex procedural history. Plaintiff Jason Imes is an attorney with defendant and cross-claimant Fox Rothschild, LLP. (ECF No. 1). Imes received settlement funds on behalf of his client in an underlying dispute. (*Id*.). Fox and cross-defendant United States of America (IRS) both claim priority interest in the settlement funds. (ECF Nos. 37, 39). Imes filed the instant interpleader action to resolve the dispute. (ECF No. 1).

The action originates out of an involuntary bankruptcy proceeding with nonparty, Timothy Blixseth. (ECF No. 37). Blixseth hired Fox to represent him in a Chapter 7 involuntary bankruptcy action in 2011. (*Id*.). Counsel at Lionel, Sawyer, and Collins ("LS&C") represented the petitioning creditors. (*Id*.).

**James C. Mahan**
**U.S. District Judge**

The U.S. Bankruptcy Court for the District of Nevada dismissed the creditors' petitions against Blixseth in 2011 for improper venue and again in 2013 on the merits. (ECF No. 39). LS&C appealed the second dismissal. (*Id.*). Fox moved the bankruptcy court for costs and fees and punitive damages against the creditors and LS&C. (*Id.*). The court stayed Fox's motions pending the LS&C appeal. (*Id.*).

While the LS&C appeal was pending between 2013 and 2014, Fox withdrew as Blixseth's counsel and filed notices of liens for attorneys' fees. (ECF No. 37). LS&C later filed a voluntary petition for Chapter 7 bankruptcy in 2015. (ECF No. 39). Blixseth chose to pursue his bad faith punitive damages claims against LS&C in that proceeding. (ECF No. 37). Blixseth and LS&C settled for $750,000. (ECF No. 39).

Blixseth was also simultaneously involved in a federal tax dispute. (ECF No. 37). Blixseth petitioned the U.S. Tax Court to challenge IRS notices for tax deficiencies in 2005, 2006, 2008, and 2009. (*Id.*). The tax court resolved Blixseth's 2005 tax liability in 2017 and assessed penalties for $1.6 million. (*Id.*). The court resolved Blixseth's 2006 and 2008 tax liability in 2018 and assessed penalties for $1.7 million and $1.3 million, respectively. (*Id.*).

The IRS argues that Blixseth's $750,000 settlement is subject to federal tax liens. (ECF No. 39). Fox asserts an interest in the settlement funds based on its notices of liens for attorney's fees in the Blixseth bankruptcy action. (ECF No. 37). The IRS contends it holds superior interest because Fox's liens did not attach nor perfect.

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most

**James C. Mahan**
**U.S. District Judge**

favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

The moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet his initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

"The filing of cross-motions for summary judgment does not mean that material facts are undisputed, and the denial of one motion does not necessarily require the granting of the other." *Congdon v. Uber Techs., Inc.*, 291 F. Supp. 3d 1012, 1020 (N.D. Cal. 2018) (citing *Regents of Univ. of Calif. v. Micro Therapeutics, Inc.*, 507 F.Supp.2d 1074, 1077–78 (N.D. Cal. 2007)).

The court must consider the full factual record on cross-motions for summary judgment. *See Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n. 5 (9th Cir. 2000) (acknowledging the district court's responsibility to analyze whether the record on cross-motions for summary judgment demonstrates the existence of genuine issues of material fact, even in those cases in which both parties believe that there are no material factual issues).

**III.    Discussion**

The parties do not dispute the procedural history underlying the claim. The dates necessary to adjudicate the parties' claims are established in the record such that there is no issue of material fact precluding summary judgment. The only issues to be resolved therefore are matters of law concerning statutory compliance and lien interest priority.

A.  Fox Compliance Under NRS 18.015

The IRS argues that Fox's attorneys' fee liens do not meet the statutory requirements under Nevada law. The court will resolve the state law arguments before turning to the issue of priority under federal law.

. . .

James C. Mahan
U.S. District Judge

- 3 -

    *a. Attachment*

The IRS contends that Fox's liens are limited to proceeds from the Blixseth bankruptcy proceeding and cannot attach to the LS&C settlement. It argues that attorneys' fee liens are generally restricted to services rendered in the action in which the property is recovered, *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 645 (5th Cir. 2002), so Fox can recover only from proceeds in the bankruptcy dispute.

Attorneys' fee liens are created under state law. NRS 18.010. Nevada law provides that a lien pursuant to this section attaches to "any verdict, judgment, or decree entered and to any money or property which is recovered on account of the suit or *other action*." NRS 18.015(4)(a) (emphasis added). The court need not look beyond the statute's plain language. The language is intentionally broad to consider the many situations an attorney's lien may attach to a client's interest. *See e.g. Bero-Wachs v. Law Office of Logar & Pulver*, 123 Nev. 71, 75 (2007).

Here, Fox represented Blixseth in the underlying bankruptcy case. Fox moved the court for sanctions and punitive damages against LS&C after the case was dismissed. *See* Blixseth Involuntary Bankruptcy Case, Case No. 11-15010, Doc. No. 55. Fox then withdrew as counsel and filed its notices of liens. LS&C later filed a voluntary petition for relief in bankruptcy court, staying Fox's motions for sanctions in the Blixseth action. Blixseth chose to pursue his bad faith claims against LS&C via that remedy.

NRS 18.015 does not restrict Fox's security interest just because the circumstances of Blixseth's recovery were unique. Attorneys' fee liens are remedial in nature and should be liberally construed in aid of their purpose—to give attorneys security in the subject of their actions. NRS 18.010; *see also LaMont's Wild West Buffalo, LLC v. Terry,* 544 P.3d 248 (Nev. 2024).

The resulting settlement between Blixseth and LS&C is premised on conduct that occurred in the underlying bankruptcy action in which Fox represented Blixseth. Fox's liens therefore attached to the settlement funds under Nevada law.

    *b. Perfection*

The IRS also argues Fox's liens did not perfect under Nevada law. The plain language of the law is again instructive. Under NRS 18.015(3), an attorney perfects a lien by serving "a written

notice by certified mail upon his client and, if applicable, upon the party against whom the client has a cause of action."

The IRS asserts that these notices were not sufficient to serve LS&C as an entity. This argument misstates the requirement under NRS 18.015(3). Fox filed two notices of attorneys' fee liens in the underlying Blixseth bankruptcy action in 2013 and 2014. Both notices were sent to opposing counsel, a partner at LS&C, by certified mail. There are no facts in the record to suggest this method of notice was insufficient.

The service requirements in NRS 18.015 are distinct and are not subject to the Nevada Rules of Civil Procedure. Fox was not required to serve LS&C through its officers or directors, as otherwise required under NRCP 4.2(c)(1)(A). Both notices fully complied with NRS 18.015(3), and therefore Fox's liens perfected upon notice.

B.  Lien Priority Under Federal Law

The court must now determine whether the Fox attorneys' fee liens or IRS federal tax liens have priority. The priority of a federal tax lien against a competing state law lien is a matter of federal law. *Aquilino v. United States*, 363 U.S. 509, 513-14 (1960). Absent provision to the contrary, priority is governed by the common-law principle that "first in time is first in right." *United States v. McDermott*, 507 U.S. 447, 449 (1993).

The priority of a state law lien depends on when it attached and became choate. *United States v. City of New Britain*, 347 U.S. 86 (1954). The court previously determined the Fox attorneys' fee liens attached to the settlement funds pursuant to NRS 18.015(4)(a).

A state law lien is choate when the identity of the lienor, the property subject to the lien, and the amount of the lien are established. *Id.* at 84; *see also McDermott*, 507 U.S. at 449. The IRS contends Fox's liens fail the second and third prongs because Fox's notices were not specific as to subject or amount. The court disagrees.

The IRS contends that because Fox withdrew before Blixseth's bankruptcy case was resolved, it is unclear which claims were the subject of Fox's attorneys' fees lien. The Nevada Supreme Court recognizes attorneys' fee liens when an attorney withdraws before settlement arising out of underlying claims. *McDonald Carano Wilson LLP v. Bourassa* 16 *Law Group,*

*LLC*, 131 Nev. 904, 362 P.3d 89 (2015) ("NRS 18.015's plain language makes no distinction between attorneys who worked on a case before recovery and those who were working on a case at the moment of recovery.").

Fox pursued sanctions and punitive damages claims against LS&C in the bankruptcy action before withdrawing as Blixseth's counsel. Fox filed two nearly identical notices in that action stating Fox "gives notice of its attorney's lien for fees and costs *in this matter*." ECF No. 38, Exhibits B and C (emphasis added). The resulting settlement between Blixseth and LS&C—though agreed upon after Fox withdrew—was premised on the same conduct on which Fox pursued sanctions and damages in the underlying action. It is clear from the record the subject of property from which Fox was seeking to recover—Blixseth's recovery from LS&C--related to the bankruptcy litigation.

The IRS also argues the amount of the lien is not established because Fox's notices were not specific as to the work performed. This argument fails. Fox's notices unambiguously set forth the amount of the lien, separated and listed by costs and fees. *See* ECF No. 38, Exhibits B and C. The information Fox provided is sufficient to render the liens choate for purposes of determining priority. Therefore, the state law liens became enforceable upon the 2013 and 2014 notices.

A federal tax lien attaches when the assessment is made. 26 U.S.C. § 6322; *See Western Nat'l Bank v. United States,* 8 F.3d 253, 255 (5th Cir. 1993). The record here is unambiguous.

Blixseth petitioned the U.S. Tax Court to challenge his alleged tax deficiencies for 2005, 2006, and 2008. The Tax Court entered judgment against Blixseth for tax year 2005 on November 6, 2017. The Tax Court entered judgment against Blixseth for tax years 2006 and 2008 on February 16, 2018. The IRS then assessed penalties for Blixseth on February 8, 2018, and June 28, 2018, respectively. The IRS liens attached on the dates the assessments were made in 2018.

Federal tax liens are not effective against subsequent interest holders unless notice of the lien is first recorded. 26 U.S.C. § 6323(a); *see also Neighborhood Improvement Projects LLC v. United States IRS*, 2015 U.S. Dist. LEXIS 159423, at *8. The IRS filed its Notice of Levy on the settlement funds in March 2023. This was the first notice of the government's liens. Thus, the IRS liens were perfected and became enforceable in 2023.

**James C. Mahan**
**U.S. District Judge**

The parties agree that the "first in time, first in right" rule governs lien priority between the relevant liens. *McDermott*, 507 U.S. at 449. It is undisputed that the IRS first levied Blixseth's tax deficiencies in 2023. The Fox liens attached and perfected under Nevada law in 2013 and 2014. Accordingly, the court finds Fox's liens have priority and are enforceable against the IRS tax liens. Fox's motion for summary judgment is therefore granted and the government's motion for summary judgment is denied as moot.

Though the parties sought only declaratory judgment, the court acknowledges that both parties expressly reserved the right to argue the issue of reasonableness under NRS 18.015 and 26 U.S.C. § 6323 with the court's permission. The court will accordingly allow supplemental briefing should the parties be compelled to litigate the issue.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fox Rothschild's motion for summary judgment (ECF No. 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the United States of America's motion for summary judgment (ECF No. 39) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that both Fox Rothschild, LLP and the United States of America must file supplemental briefs no later than November 15, 2024, if at all, to address the issue of reasonableness, in accordance with the foregoing. Failure to do so will result in judgment being entered.

DATED September 30, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**